**UNITED STATES of America**

v.

**Brian Adair FULLER et al., Defendants.**

**No. CRIM.A.97–0069–C.**

United States District Court,
W.D. Virginia,
Charlottesville Division.

Aug. 25, 1998.

**527**

Krystyna Maria Carmel, Jenkins & Carmel, P.L.C., Charlottesville, VA, for Brian Adair Fuller.

Nancy Spodick Healey, U.S. Attorney's Office, Charlottesville, VA, for U.S.

## MEMORANDUM OPINION

MICHAEL, Senior District Judge.

Before the court is defendant Fuller's July 31, 1998 "Motion to Exclude Witnesses." Defendant seeks to exclude evidence presented by or through or obtained from any government witnesses presently or formerly represented by the law firm of Morchower, Luxton & Whaley. This motion is made pursuant to Federal Rule of Evidence 403 and the Sixth Amendment to the U.S. Constitution.

Before obtaining his present counsel, Mr. Fuller was represented in this case for a period of five months by C. David Whaley, a member of the firm of Morchower, Luxton & Whaley. Because this firm represented other individuals whose interests could potentially have given rise to a conflict of interest for Mr. Whaley and his firm, this court commenced an inquiry into the matter. More specifically, Mr. Whaley's partner, Mr. Morchower, represented individuals who were to serve as government witnesses in the case against Mr. Fuller. Following a hearing on this issue, the court ordered that Mr. Fuller substitute new counsel for Mr. Whaley because the court found that a potential conflict could arise as the case developed. It is Mr. Fuller's present counsel who brings this motion.

■ The Sixth Amendment guarantees a defendant's right to the effective assistance of counsel. *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). The Supreme Court has clearly held that where a District Court finds a potential conflict of interest of the sort involved in this case, one option is to order separate representation for the parties previously represented by the same lawyer or firm. *Wheat v. United States,* 486 U.S. 153, 108 S.Ct. 1692, 100 L.Ed.2d 140 (1988). This is so that the defendant's lawyer can effectively represent him in negotiations with the government, can effectively cross examine government witnesses, and can give his client his undivided loyalty. *Id.*

■ In this case the court found a potential conflict of interest and worked to cure that conflict by requiring Mr. Fuller to ob-

tain new counsel. Defendant's new counsel now argues that this approach only partly solved the problems created by Mr. Whaley's potential conflict. The defense argues that confidential, privileged information obtained from Mr. Fuller by Mr. Whaley was shared with individuals represented by Mr. Morchower and that these individuals passed this information on to the government. Defendant's Motion to Exclude Witnesses ¶¶ 9 & 11. When the court ordered Mr. Fuller to obtain new counsel it did so because of specific and credible information leading the court to believe that a conflict could arise. At no time during this court's inquiry was it even suggested that the government had come into confidential, attorney-client information as a result of the arrangement that presented the potential conflict. At present there continues to be no such information before the court suggesting that Mr. Whaley shared privileged information he obtained from Mr. Fuller with his partner who then shared that information with his clients who in turn passed the information on to the government.

◼ To overcome this lack of information, the defense asks this court to simply presume that where a lawyer or law firm represents multiple clients who have competing interests concerning the same case, the lawyers have a duty of loyalty to each client requiring the lawyer to share privileged information he learns from one client with the other clients. Defendant's Motion to Exclude Witnesses ¶ 11. The defendant points to no case where another court has made this leap of faith and this court is unwilling to accept this presumption.[1] The defendant must come to the court with at least some facts supporting his supposition or must have some basis for asking and then in fact make a request of the court to engage in some form of inquiry.

◼ Even were this court to take the leap of faith sought by the defendant, it is highly questionable whether the requested remedy would cure the alleged defect. The Supreme Court has explained that once a court has determined that the government unconstitutionally invaded the defense camp, the court must design a remedy that neutralizes the taint and provides a fair trial. *U.S. v. Morrison*, 449 U.S. 361, 101 S.Ct. 665, 66 L.Ed.2d 564 (1981). The defendant asks this court to prevent certain people from testifying to prevent them from revealing privileged information that they allegedly obtained through Mr. Whaley's law firm partner. It is the defendant's inability to state with any degree of specificity the nature of the information allegedly obtained by the government that makes it virtually impossible to tailor appropriate relief. Accepting the defendant's version of the facts for a moment, it is difficult to imagine a scenario through which the witnesses at issue would be able to actually testify to information they obtained through shared defense counsel. Such information would likely constitute hearsay that is not subject to the famous co-conspirator exception (assuming that the witnesses are or could be co-conspirators). This is because the information would not have been obtained directly from a co-conspirator but only from his lawyers— people who are clearly not members of the drug conspiracy at the center of the instant action. What's more, any privileged information obtained from Mr. Fuller and shared by defense counsel with these witnesses was not in furtherance of the drug conspiracy. In fact, such information would be destructive of the conspiracy. These witnesses would not be permitted to testify about things to which they do not have first hand knowledge, making a request to exclude their testimony inappropriate. Granting that as the trial developed there might arise some sequence of events permitting the witnesses to testify as to the information at issue, to merely exclude the witnesses would likely remain an inappropriate cure primarily because it does not address the other

---

1. The defendant specifically requests that this court not engage in any sort of inquiry to determine whether privileged information was shared by Mr. Whaley with his partner and the government witnesses to avoid an intrusion into the attorney-client relationship by this court. Without expressing an opinion as to whether such an intrusion would be unwarranted, the court agrees that such an evidentiary hearing is not necessary to resolve the facts and issues as framed by the defendant's motion and memorandum.

ways that illegally obtained information could be of benefit to the government.

The defendant stops short of directly arguing that the government infiltrated the defense camp or that defense strategy was passed on to the government. Based on the facts currently before the court, there is no evidence to support either conclusion and even if there was such evidence, the appropriate remedy would in all likelihood not be to prevent the witnesses from testifying. Should, however, the defendant have grounds to specifically make an allegation that defense strategy was passed on to the government as a result of Mr. Whaley's representation of the defendant or that privileged information was obtained by the government and can be used at trial, the court will consider an additional motion by the defense.

For these reasons, defendant's motion is hereby denied. An appropriate order shall, this day, issue.

### ORDER

The court has received and considered defendant Fuller's July 31, 1998 "Motion to Exclude Witnesses." For the reasons stated in the accompanying memorandum opinion, it is hereby

### ORDERED

that defendant's motion shall be, and hereby is, DENIED.

The Clerk of the Court is hereby directed to send a certified copy of this Order and the accompanying memorandum opinion to all counsel of record.